## Case No. 13,826.

### In re TEMPLE.

[6 Sawy. 77].[1]

District Court, D. California.　Oct. 30, 1879.

BANKRUPTCY—VACATING ASSIGNMENTS FOR BENEFIT OF CREDITORS — INTERMEDIATE JUDGMENTS—VALIDITY OF ASSIGNMENTS.

1. Where an assignment for the benefit of creditors, valid by the state laws or at common law, is set aside at the instance of an assignee in bankruptcy, the latter will take the property free of the liens of any judgments obtained after the execution of the assignment, and which would not have attached had the assignment been allowed to stand. McIntyre v. Reed, 98 U. S. 507, followed.

2. An assignment made in conformity to the provisions of Civ. Code Cal. tit. 3, pt. 2, is valid, notwithstanding that the insolvent law of 1852 [St. 1850–53. 314]. which is expressly continued in force by Pol. Code, § 19, declares invalid any assignment not made in accordance with its own provisions.

---

[1] [Reported by L. S. B. Sawyer, Esq., and here reprinted by permission.]

In bankruptcy.

Craig & Meredith, for petitioner.

L. D. Latimer, for assignee.

HOFFMAN, District Judge. The point which the learned counsel for the petitioner discusses with much ingenuity and subtlety of argument has been authoritatively settled by the supreme court in McIntyre v. Reed. 98 U. S. 507. That case decides that where an assignment for the benefit of creditors, valid by the state laws or at common law, is set aside at the instance of an assignee in bankruptcy, the latter will take the property free of the liens of any judgments obtained after the execution of the assignment, and which would not have attached had the assignment been allowed to stand.

It is contended, on the part of the petitioner, that the assignment was invalid under the laws of this state. It appears to have been executed in entire conformity to the provisions of part 2, tit. 3, of the Civil Code of California. The heading of this title is "Assignments for the benefit of creditors."

It appears, however, that by section 19 of the Political Code it is provided that "nothing in either of the four Codes affects any of the provisions of the following statutes, but such statutes are recognized as continuing in force, notwithstanding the provisions of the Codes, except so far as they have been repealed or affected by subsequent laws." Among the statutes enumerated is "An act for the relief of insolvent debtors and the protection of creditors, approved May 4, 1852, and the acts amending and supplementing such act." The thirty-ninth section of this act provides that "no assignment of any insolvent debtor otherwise than is provided in this act shall be legal or binding on creditors."

It is urged that under these provisions the validity of an assignment for the benefit of creditors must depend upon its conformity to the provisions of the insolvent law of 1852, and not to those of title 3, pt. 2, of the Civil Code, which expressly and exclusively treats of assignments of that description. But this construction of these conflicting provisions is, I think, quite inadmissible. The provision of the Political Code which has been cited was evidently intended merely to continue and keep alive the insolvent law of this state, which, though then in abeyance, and superseded by the bankruptcy act of the United States, it was desired should revive and become operative upon the repeal of the bankruptcy act, which was then anticipated, and which soon afterwards took place.

The framers of the Code overlooked the fact that among the forty sections of the insolvent law, one section (the thirty-ninth) declared "No assignment otherwise than as provided in this act shall be legal." That there could have been no intention to continue this section in force is evident from the fact that in the same body of laws which contains the provision supposed to have that effect a title is devoted exclusively to the regulation of assignments for the benefit of the creditors, which, on the construction contended for, would be wholly inoperative.

I cannot suppose that any member of the bar, consulted as to which statute should be followed by an insolvent desirous of making an assignment for the benefit of creditors, would hesitate to advise obedience to the provisions of the Code on that very subject, rather than to those of the insolvent act of 1852, and especially if, when consulted, the United States bankruptcy act were in force, and the operation of the insolvent act, so far as it conflicted with the bankruptcy act, suspended and superseded.

My opinion, therefore, is that the assignment in this case, if made in conformity to the provisions of title 3, pt. 2, of the Civil Code, was valid under the laws of this state, and falls within the operation of the rule laid down by the supreme court in the case above cited.

---

TEMPLEMAN (SIMMS v.). See Case No. 12,872.

TEN BALES OF GUNNY BAGS (PACIFIC MAIL S. S. CO. v.). See Case No. 10,648.

TEN BARRELS AND THREE KEGS (UNITED STATES v.). See Case No. 16,-444.

TEN BARRELS OF DISTILLED SPIRITS (UNITED STATES v.). See Case No. 16,-445.